UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDY M. GRAHAM,

    Plaintiff,

v.                                                   Case No: 3:13-cv-1334-J-39JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 28; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on October 21, 2014. In the Report, Magistrate Judge Toomey recommends the Court affirm the Commissioner's final decision. Plaintiff filed her Objections to the Report and Recommendation (Doc. 29) on November 4, 2014 and Defendant filed a Response to the Objections (Doc. 30) on November 6, 2014. Accordingly, the matter is now ripe for judicial review.

    **I.**    **BACKGROUND**

Plaintiff is appealing an administrative decision denying her application for a period of disability, Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). As noted by the Magistrate Judge, Plaintiff has exhausted her available administrative remedies and the case is properly before this Court. After reviewing the parties' legal memoranda, the administrative record, and the applicable

law, the Magistrate Judge issued his Report recommending that the Commissioner's decision be affirmed.

## II. LEGAL STANDARDS

### A. Standard of Review of an ALJ's Decision

The scope of this Court's review of the Commissioner's decision is limited to determining whether the Administrative Law Judge (the "ALJ") applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401). In addition, the Court conducts a *de novo* review of the ALJ's conclusions of law. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails "to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted," the Court must reverse. Id. (quoting Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).

### B. Standard of Review of a Report and Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.

1993); see also 28 U.S.C. § 636(b)(1). If, on the other hand, a party files an objection, the district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which the party objects. United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010); 28 U.S.C. § 636(b)(1)(C). This requires the district judge to "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990). However, a district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper–Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

### III. DISCUSSION

Plaintiff raises two objections to the Magistrate Judge's findings. First, she contends the Magistrate Judge failed to consider Plaintiff's serious symptoms and limitations because they were not supported by clinical or laboratory findings. Next, Plaintiff argues the Magistrate Judge erred in finding the ALJ followed the correct legal standards at steps four and five of the sequential evaluation process. Specifically, Plaintiff argues the ALJ erred in failing to include all of Plaintiff's impairments in the residual functional capacity assessment. Upon an independent review of the file, the Court finds it unnecessary to repeat the thorough review and analysis of the record set forth in the Magistrate Judge's Report and Recommendation (Doc. 28). Moreover, for the reasons stated therein, the Court will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 28) is **ADOPTED** as the Opinion of this Court.

2. Plaintiff's Objections to the Report and Recommendation (Doc. 29) are **OVERRULED**.

3. The final decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment accordingly and thereafter, to close the file.

**DONE** and **ORDERED** in Jacksonville, Florida this 26th day of November, 2014.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

The Honorable Joel B. Toomey
United States Magistrate Judge
Counsel of Record